CITY OF PORTLAND *vs.* ATLANTIC & ST. LAWRENCE RAILROAD COMPANY.

Cumberland, 1876.—January 23, 1877.

*Action.*

Where a statute giving a remedy neither expressly nor by implication takes away a remedy previously existing, the statute remedy is cumulative and the party may pursue either.

Without the statute of 1871, c. 186, a railroad company (like an individual) would be liable to a city or town for the amount of damages which such city or town had been compelled to pay by reason of a defect in one of its streets caused by the negligence or unlawful act of such company in the construction or maintenance of a railroad crossing on such street; and if the company had been properly notified of the original suit, and the suit was defended by the city in its behalf and on its request, it would be liable for the costs as well as the damages.

There is therefore sufficient consideration for a contract on the part of the railroad company with the city for the defense of such a suit, and for a promise to repay the city such sum as it should be compelled to pay therein.

An action of debt will lie upon a simple contract as well as upon a specialty.

ON EXCEPTIONS.

DEBT, for that whereas the said railroad company on the twenty-ninth day of May, A. D. 1873, at said Portland, was indebted to said plaintiff in the sum of two hundred and seventy-seven dollars and forty-eight cents, according to the account annexed, to be paid to the said plaintiff by the said railroad company, on request, which sum remaining unpaid by the said railroad company, an action hath accrued to the plaintiff to demand and recover of said railroad company the said sum: Atlantic & St Lawrence Railroad Company, to City of Portland, Dr. To amount paid on judgment recovered in supreme judicial court for Cumberland county against said cit   by Melinda T. Josselyn, for damages occa-

sioned by a defective railroad crossing, owned and occupied by said railroad company, and constituting a part of Commercial street in said city; said judgment having been rendered on the 24th day of May, A. D. 1873, viz: $277.48.

There was also what is called an omnibus count.

The defendants demurred to the declaration and the plaintiffs joined therein. The presiding justice overruled the demurrer and adjudged the declaration good ; and the defendants alleged exceptions.

*J. & E. M. Rand,* for the defendants.

This is an action of debt based upon Stat. 1871, c. 186 ; to make out a case under which, certain facts named in the statute must be proved, and of course alleged.

This declaration is defective in several material allegations, to wit: it is not alleged that the city was obliged to keep Commercial street in repair, or that the railroad company were notified of the pendency of the suit against the city, or that the jury found specially that the damage was occasioned by the fault of the railroad. company.

*T. B. Reed,* city solicitor, for the plaintiffs.

BARROWS, J.   On demurrer.   The writ contains a count in debt, alleging an indebtment in a sum certain according to an account annexed which states the origin of the claim and specifies the amount as having been paid on a judgment recovered against the plaintiffs by one Josselyn for damages occasioned by a defective railroad crossing, owned and occupied by the defendants and constituting a part of Commercial street in said city.

A second count alleges an indebtment in another sum for the various matters and things commonly included in a general count in assumpsit, among which we find claims for money paid by plaintiffs for use of defendants at their request, and for interest on moneys due and owing.

It is suggested in support of the demurrer, that the declaration contains no allegations that the city was obliged to keep Commercial street in repair, or that the railroad company were notified of the pendency of the suit against the city, or that the jury found

specially that the damage was occasioned by the fault of the railroad company, all which it is claimed should have been alleged and proved, to entitle the plaintiffs to recover under the statute of 1871, chapter 186.

But the demurrer was rightly overruled. No question arises as to what would be a good declaration under that statute.

The plaintiffs' attorney did not apparently attempt to frame such a declaration. The only question is whether he has sufficiently set forth a good cause of action.

The statute does not expressly or by implication take away any remedy which might have been available to the plaintiffs at common law.

In such case the statute remedy is simply cumulative ; and the party may pursue either. *Gooch* v. *Stephenson*, 13 Maine, 371.

Without the statute of 1871, the plaintiffs could have recovered in an action on the case against the defendants, such damages as they had been compelled to pay by reason of a defect in one of their streets caused by the negligence of the defendants in the construction or maintenance of their railroad crossing ; and if the railroad company had notice of the suit, and such suit was defended by the city at the request of the railroad company, the city could recover what they had been compelled to pay in costs also. *Portland* v. *Richardson*, 54 Maine, 46, and cases there cited. *Lowell* v. *Boston & Lowell R. R. Co.*, 23 Pick. 24. It follows then that there would be a sufficient consideration for a contract on the part of the railroad company with the city to defend the suit in their behalf, and for a promise to repay to the city what the city should be obliged to pay in damages and costs in such a case. It is apparently upon such a contract that the declaration before us is framed. And we think it is sufficiently set forth therein. An action of debt may be maintained on a simple contract as well as on a specialty. *Mc Vicker* v. *Beedy*, 31 Maine, 314, 318. *Norris* v. *School District in Windsor*, 12 Maine, 293, 298.                                      *Exceptions overruled.*

APPLETON, C. J., DICKERSON, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.