## FOSTER v. FOSTER.

A condition in a deed, that during a period of twenty-five years from its date only one single dwelling-house with outbuildings requisite for the use of the same shall be erected on the premises, and that the dwelling-house shall be adapted for the accommodation of one family only, and shall be used and occupied for a dwelling-house and for no other purpose during the term of twenty-five years, constitutes an incumbrance on the land.

The measure of damages for such an incumbrance in an action by a covenantee, is the actual impairment of the estate resulting from the incumbrance.

In an action of covenant broken, the intention of the covenantee in making the purchase cannot ordinarily be shown, for the purpose of increasing the damages, unless it entered into and formed a part of the consideration between the parties.

COVENANT, to recover damages for the breach of the covenants contained in the defendant's deed to the plaintiff, dated January 17, 1878, conveying lot 1889 on the Amoskeag Company's plan of lands on Park street in Manchester. The deed contained covenants of title, of seizen in fee simple, of authority to convey, and against incumbrances. The plaintiff proved the deed, and introduced evidence tending to show that the premises were conveyed by one Bartlett to the defendant, and by the Amoskeag Manufacturing Company to Bartlett; that the deed to Bartlett, dated May 24, 1873, contained the following condition:

"And whereas the said corporation is induced to dispose of its lands in large parcels and at prices below the true value, in order that the buildings erected thereon may not be crowded together, but may each be surrounded by a space of open ground, and for this purpose it has been agreed by the parties to these presents that during the term of twenty-five years from the date hereof only one single dwelling-house, with a shed, barn, and the other outbuildings requisite for the use of the same, shall be erected on said premises, and that the dwelling-house and buildings erected thereon shall be adapted, designed, and made fit for the convenience and accommodation of one family and one family only, and shall be used and occupied for a dwelling-house and for no other purpose whatever during said term of twenty-five years, and the price for which the same is hereby sold has been regulated by this consideration: Now, therefore, this conveyance is made upon the express condition that if any building other than those before mentioned, or if any dwelling-house, adapted, designed, and made fit for the convenience or accommodation of more than one family, shall, within twenty-five years from this date, be erected or placed on

said land, or if, within said term, the dwelling-house erected on said premises shall be used or occupied for any other purpose than that of a dwelling-house merely, or if within said term any building erected on said land shall be used or occupied for the purpose of carrying on any trade or manufacture therein, then this conveyance shall be void."

The plaintiff did not claim, or offer any evidence to show, any breach of the foregoing. condition, or any proceedings by the company to enforce a forfeiture for a violation of the condition, or any attempt on his part to remove the condition. The plaintiff offered to show that he purchased the lot in question with the intention and for the sole purpose of moving the buildings then upon the lot to one side of it, and making it over into a tenement house, and of building two other tenement houses upon the unoccupied parts of the lot; that he told the defendant what his purpose and intentions were, and that he purchased the lot for the purpose of making such changes, and then holding the property to rent; that he would not have purchased the lot except with the intention and for the purposes above stated; that after the purchase he began to make preparations to make the changes, but soon after learned of the incumbrance in question, and thereupon desisted from carrying out his purpose and intention. The plaintiff also offered to prove that the market value of the lot at the time he purchased was much less than it would have been if the incumbrance did not exist thereon; that it was sold by the Amoskeag Company for a much less price on account of the incumbrance; and that the company make a difference of nearly fifty per cent. in the prices for which they sell their lands, dependant on whether they are sold subject to the above condition; and on this evidence the plaintiff claimed that he was entitled to more than nominal damages. The court excluded the evidence as immaterial, and ruled that on the facts proved the plaintiff could only recover nominal damages; and the plaintiff excepted.

*Chase & Streeter*, for the plaintiff. The defendant's deed, containing covenants for title, scizin, right to convey, and against incumbrances, describes a lot of land by metes and boundaries, with the buildings thereon; it contains no exception or reservation of any portion of the lot, or the buildings, or of any right whatsoever in either, excepting two mortgages existing thereon. It purports to convey all the ownership that can possibly exist in such property, absolutely and without any condition or reservation, excepting what results from the mortgages.

I. At the time of the conveyance the defendant did not own what he thus conveyed and covenanted that he had a right to convey. Instead of all the ownership that could possibly exist in the lot of land, he had only a qualified ownership thereof, by which he was restricted for a long period of time from using it for pur-

poses which are lawful, and for which he might otherwise use it. While there was no part of the land in which he did not have ownership of some kind, there was also no part in which he had absolute ownership, such as carries with it everything, both above and below the surface in accordance with the maxim, *Cujus est solum, ejus est usque ad cœlum.* Absolute ownership gives the right to cover every inch of the lot with buildings ' of at least a reasonable height and character. All this right, for the period of twenty years and more, except that of erecting a single dwelling-house, with requisite shed, barn, and out-buildings, was owned by the Amoskeag Manufacturing Company at the date of the defendant's deed, and was not conveyed by the deed ; more than that, it was so owned by the company that any infringement upon it would give them the right to resume the absolute ownership of the whole lot, and deprive the party thus infringing of all his rights therein. We maintain that such a right, so protected, is as much a part of the substance of the lot in question (in speaking of its ownership) as is the soil thereof, or the buildings thereon ; and that the defendant at the time of his conveyance was not seized and possessed of said lot in his own right in fee simple any more than he would have been if he had had no title or ownership in some portion (say one thousand square feet, for instance) of the land included within the boundaries of the lot.

" To be seized in fee simple, a man must have the whole estate and not simply a part of it. The covenant of seizin is an assurance to the purchaser that his grantor has the very estate, both in quantity and quality, which he purports to convey." *Mills* v. *Catlin,* 22 Vt. 106, and authorities cited. If the defendant had had no title or ownership to some portion of the lot, his covenant of seizin would be broken as to that part of the land conveyed, and the plaintiff would be entitled to recover for the breach such a proportion of the whole consideration and interest as the value of that part bears to the value of the whole. *Ela* v. *Card,* 2 N. H. 175. And this would be so notwithstanding the defendant was actually seized of that part at the time of his conveyance if he had no title to it, and notwithstanding the plaintiff had never been ousted from it. *Parker* v. *Brown,* 15 N. H. 176 ; *Partridge* v. *Hatch,* 18 N. H. 494; 3 Wash. R. P. (4th ed.) 492 ; *Mills* v. *Catlin, supra.* We claim, therefore, that the right or condition in question constitutes a breach of the defendant's covenants of seizin and good right to convey, and that the plaintiff is entitled to damages for such breach to the full extent of his loss thereby.

II. If it does not constitute a breach of those covenants, it certainly does of the covenant against incumbrances. 2 Abb. New Cas. 56 ; *Roberts* v. *Levy,* 3 Abb. Pr. N. S. 311 ; *Parker* v. *Nightingale,* 6 Allen 341. Indeed, this is admitted, as we understand it. We confidently claim that the nature of this incumbrance is such that the plaintiff is entitled to substantial damages on account of its existence.

1. It is said that the word "damage," from its derivation, signifies the thing taken away,—the lost thing which a party is entitled to have restored to him so that he may be made whole again. *Fay* v. *Parker*, 53 N. H. 342. In assessing damages for a civil injury or the breach of a contract, the object of the law is to give compensation to the party injured for the actual loss sustained. Sedg. Dam. 25. We have shown above what has been taken away from the plaintiff by this incumbrance: let us see what will compensate the plaintiff for the actual loss he has thus sustained. When the incumbrance was created, the parties to the contract creating it knew that it reduced the value of the land to which it was attached to a substantial extent; they said in that contract, "whereas the said corporation is induced to dispose of its lands in large parcels and at prices below the true value," in order that said right may exist; "and the price for which the same is hereby sold has been regulated by this consideration," therefore, &c.—showing that they sold the land for a less price with the right reserved than they would have done without such reservation. Moreover, the plaintiff at the trial term offered to prove that the Amoskeag Company sell land subject to such an incumbrance for about fifty per cent. of what they would sell the same land without the incumbrance, and that the market value of the lot in question at the time of his purchase was much less than it would have been if said incumbrance had not existed thereon. For the purposes of this discussion it may be assumed that he could prove this. It follows, then, that the plaintiff has suffered a substantial loss by reason of this incumbrance. He not only cannot use the land as profitably as he otherwise might, but he cannot sell the same in the market for so much by a substantial amount. Nominal damages, under the circumstances of this case, would give no compensation for his actual loss. He is entitled to full compensation.

2. But it is stated in the case as if having some bearing upon the questions raised, that "the plaintiff did not claim, or offer any evidence to show, any breach of the foregoing condition, or any proceedings by the company to enforce a forfeiture for a violation of the condition, or any attempt on his part to remove it." As before suggested, it would not be safe—it would be madness—on the part of the plaintiff to attempt a breach of the condition, for such breach would place his property within the power of the corporation. We venture the assertion that no lawyer can be found who would advise the plaintiff to thus jeopardize his rights. If the plaintiff did not break the condition, of course the company could not enforce the forfeiture. And we fail to discover any reason why the plaintiff should attempt to remove this right before being entitled to compensation for its existence. Had it been the absolute ownership of a part of the land conveyed, he would have been under no obligation to attempt to purchase the same

before claiming full compensation for his damages. *Willson* v. *Willson*, 25 N. H. 235.

3. The authorities make a distinction between incumbrances like mortgages, attachments, dower, &c., and those like easements, servitude, unexpired terms, &c. For a breach of this covenant by reason of the existence of the former class of incumbrances, nominal damages only are given, unless the plaintiff has actually removed the same before judgment; while for the latter class he is entitled to full compensation for the injury suffered, although he has not removed the incumbrance. "If the incumbrance be of a permanent character, such as a right of way, or other easement which impairs the value of the premises, and cannot be removed by the purchaser as a matter of right, the damages will be measured by the diminished value of the premises thereby occasioned." 3 Wash. R. P. (4th ed.) 495.

Where an incumbrance of the former class exists, the covenantee holds and enjoys the whole estate as if there were no incumbrance upon it, until the incumbrance is asserted by the owner thereof, which may never happen; but where one of the latter class exists, he cannot so hold and enjoy the whole estate, but is suffering an abridgment or restraint of such holding and enjoyment continuously, so long as the incumbrance exists. Incumbrances of the former class are future and contingent in their nature; while those of the latter class exist now and are absolute. This is one reason, and we think the principal one, for the distinction above noted.

Again : So far as mortgages, attachments, and liens of that kind are concerned, some one is liable to pay the debts which sustain them : they are only shadows, so to speak, of the debts, and when the latter are paid and discharged, the liens cease. Theoretically the debtor is to pay the debt, and the mortgaged or attached property is not liable to be taken for the purpose. If the covenantee before paying the debt should recover of his covenantor its full amount, it would not follow that he would ever be called upon by the creditor to pay it to him, or would voluntarily do so. The original debtor would still be holden to the creditor, and might pay the debt voluntarily or under compulsion, notwithstanding such recovery by the covenantee from the covenantor. Herein is another reason why, in such cases, the covenantee should recover only nominal damages before he discharges the incumbrance.

As to dower and incumbrances of that kind, the owner thereof has no possession or control of any part of the estate or any of its incidents until the dower is assigned : until then it is not an estate, but a mere chose in action. 1 Wash. R. P., c. 7, s. 6.

When the widow dies, the incumbrance occasioned by dower ceases; and this may happen before it ever becomes consummated into an estate which will interfere with the covenantee's rights under his deed. It is contingent in its nature, somewhat like mortgages and such liens,—the contingency being whether it will ever change

to such a character as to interfere with the covenantee's possession
and other rights.    But easements, servitudes, and unexpired terms,
existing upon the land conveyed, affect its use presently, and all
the time till they are extinguished.    They are not contingent in
the sense that the above named incumbrances are.    They are as per-
fect on the day of their creation as at any time thereafterwards.
There may be a contingency as to whether they will ever be used
by the owners, but this contingency does not effect the right; that
still exists, and may be used in accordance with the terms of its
creation.    Incumbrances of the former class are shadows hanging
over the land, which may pass without injury to it, while those of
the latter class are a part of the land itself,—a part of that which
is comprehended within absolute ownership of it, and cannot be
removed by the covenantee as a matter of right.    Being a part of
the land itself, of course the balance is of less value than the
whole, and their existence causes substantial damage to the
grantee with covenants against incumbrances.    In support of the
foregoing positions we cite the following authorities: Sedg. Dam.
189, *et seq.*, and notes; Field Dam., *s.* 452; Raw. Cov. (4th ed.)
291, *et seq.; Porter* v. *Bradley,* 7 R. I. 542; *Harlow* v. *Thomas,*
15 Pick. 66; *Batchelder* v. *Sturgis,* 3 Cush. 205; *Wetherbee* v.
*Bennett,* 2 Allen 428; *Willson* v. *Willson,* 25 N. H. 235, *et seq.;*
*Tanner* v. *Livingston,* 12 Wend. 83; *Hubbard* v. *Norton,* 10
Conn. 422; *Mitchell* v. *Stanley,* 44 Conn. 312; 3 Wash. R.
P. (4th ed.) 457, 495, quoted with approval in *Russ* v. *Perry,*
49 N. H. 551; *Runnells* v. *Webber,* 59 Me. 488; *Kellogg* v.
*Malin,* 62 Mo. 429; *Mohr* v. *Parmelee,* 43 N. Y. Super. Ct. 320.

4. The right or condition in question is of the latter class in its
character.    It existed in its full force at the date of the defend-
ant's deed, and has continued to so exist ever since, and will con-
tinue till the year 1898, unless sooner extinguished by some
means.    It is not contingent in its character, like a mortgage, &c.
It cannot be removed by the plaintiff as a matter of right.    He
cannot violate it without endangering his whole estate.    If it was
an easement, such as a right of way or a right to allow the unob-
structed passage of air and light over portions of his land to land
of the Amoskeag Company, it would be less objectionable and
cause him less damage than it does in its present form; for a viola-
tion of such a right would only subject him to the payment of
damages, and perhaps to a decree for the abatement of his inter-
ference therewith, while a violation of this right subjects him to
liability to a much greater loss.    In fact, it possesses all the ele-
ments of an easement, so far as concerns the questions under con-
sideration.    The owner of a right of way might not see fit to use
it, yet it would be a substantial incumbrance to the servient es-
tate.    The Amoskeag Company might not object if the plaintiff
covered his land with buildings, but if they did there would be no
retreat for him.

This right or condition is more than a shadow: it possesses sufficient substance to reduce the market value of the land in question as above shown. The plaintiff purchased the lot for the purpose of erecting tenement houses thereon, and renting the same, and so getting a profitable income from the property; but there is sufficient substance in this right or condition to restrain him or any other reasonable man from so doing. He has lost some portion of that which was conveyed to him, and now asks that he may have compensation for this loss in accordance with the general rule of the law. If these views are correct, the evidence offered by the plaintiff was not immaterial, and the ruling of the court was erroneous.

*C. R. Morrison*, for the defendant. An easement is a vested estate. But there is no vested estate in the company, and it depends upon the double contingency of the happening of something that would entitle the company to avoid the deed if it should see fit, and its actual avoidance by the company for such cause, whether there ever will be. The ruling was right. Morrison's Digest 317, *ss.* 5, 6, and *p.* 240, *s.* 55; 2 Sug. Vend. 293, *s.* 11; 4 Kent Com. (12th ed.) 276, 127, 129, 130, 131; *Prescott* v. *Trueman*, 4 Mass. 628, 630, 631; *Wyman* v. *Ballard*, 12 Mass. 304. The plaintiff has not cited a single authority to show that he can recover anything more than nominal damages.

*Chase & Streeter*, for the plaintiff, in reply. 1. It is argued that our position as to damages is not well founded, because we have cited no authority directly in point. *Hatcher* v. *Andrews*, 5 Bush 562, seems to answer this objection.

In that case it is held that the measure of damages, because of an incumbrance similar to the one under consideration, is "the real difference between the value of these premises with and without such covenant and provision of forfeiture" (*i. e.*, incumbrance).

2. The condition under consideration creates an easement upon the land in question. This land is the servient estate, and the neighboring lands retained by the Amoskeag Company at the time of their conveyance of this land, and perhaps, also, other neighboring lands theretofore sold by them and conveyed with a like condition, are the dominant estates. *Hills* v. *Miller*, 3 Paige Ch. 256; *Watertown* v. *Cowen*, 4 Paige Ch. 510; *Whitney* v. *Union Railway Company*, 11 Gray 359;—see, also, *Peck* v. *Conway*, 119 Mass. 549, and other authorities hereinafter cited; 1 Abb. Law Dict. 412, Easement; 1 Bouv. Law Dict. 515, Easement (4); Wash. Ease. 2, *et seq.*, 23, 508.

3. Not only the Amoskeag Company, but the owners of neighboring lands, originally conveyed by the company with like conditions, can oblige the plaintiff to conform to the condition attached to his title. Probably the owners of neighboring lands cannot cause a forfeiture of his estate for a violation of the con-

dition, as the Amoskeag Company may do, but they can resort to proceedings in equity and thereby compel the plaintiff to comply with the condition should he attempt to violate it, and in that way seriously interfere with his enjoyment of his land.   See authorities above cited ; also, *Parker* v. *Nightingale*, 6 Allen 341 ; *Linzee* v. *Mixer*, 101 Mass. 512, 530, *et seq. ; Jeffries* v. *Jeffries*, 117 Mass. 184, 189, *et seq. ; Peck* v. *Conway*, 119 Mass. 546 ; *Coles* v. *Sims*, 5 DeG., M. & G. 1, and a large number of American and English authorities cited in a note.

4. We repeat, that the incumbrance here was as complete and effective the moment after it was created by the insertion of the condition in the Amoskeag Company's deed, as it ever can be ; that it does not depend upon a condition to bring it to perfection or into operation,—but its restraining force is exercised every moment of its existence, and as much at one moment as at another ; that if the condition is ever violated, it then punishes, so to speak, the acts that until then it had prevented ; that it is of a permanent character ; that it impairs the value of the plaintiff's premises in a similar manner that other easements or servitudes would ; that it cannot be removed by the plaintiff as a matter of right ; and that the plaintiff's premises are much less valuable to use or to sell than they would be without its existence.   The authorities cited in our former brief all concur that the covenantee is entitled to substantial damages for the existence of such an incumbrance.

*C. R. Morrison*, for the defendant, in reply.   *Hatcher* v. *Andrews*, 5 Bush 562, does not sustain the position for which it was cited, but rests upon peculiar grounds.   It was a bill in equity to prevent a collection by suit of the consideration of a deed given by parties who were "non-residents and perhaps insolvent."   There had been no effective release of dower, and the grantor had covenanted that no ardent spirits should ever be sold on the premises.   Under these circumstances it was held that the grantee was entitled to a recision, or, at his election, to a deduction upon the basis of the difference in value, unless a sufficient bond should be given for her protection.   The other cases cited were also bills in equity.   They go no further than the statement in the note to *Coles* v. *Sims*, 5 DeG., M. & G. 1, cited by the counsel, which is in substance as follows : "It is well settled that an injunction will be granted, to restrain the erection of buildings in breach of a covenant not to build in a particular manner on a particular site ; not to follow a particular trade or business, or not to erect buildings except for particular specified uses or purposes ;" and that "it is not necessary in order to justify the interference of the court that the covenant should run with the land."   "It is enforced against all chargeable with notice, in favor of one entitled to the benefit of it.   But two things are necessary,—first, a covenant or agreement not to build, etc. ; and second, that the party asking for the injunction be entitled to the benefit of the covenant or agreement.   No restrictive covenant will be implied beyond what is

expressed. *Suffield* v. *Brown*, 4 DeG., J. &. S. 185. Nor can the consequences of a breach be extended beyond what the parties have agreed. Now no damages could be recovered for a breach of the condition, for the parties have stipulated what the consequence shall be, to wit, that " this conveyance shall be void." It shall be void according to the rules of the common law, only at the election of the party granting the land. In other words, it is simply a deed upon a condition subsequent that may or may not occur, and which, if it does occur, concerns the grantor only, and his heirs. Morrison's Digest 317, ss. 5, 6. It never was intended that this restriction should be one which the company could not itself discharge or waive. Upon the plaintiff's theory, any one in the whole city taking a deed with a like restriction, subsequent to the deed to Bartlett, could prevent a release of that covenant; for such is the effect of a covenant as against any one entitled to have it enforced. To have such an absurd consequence in this case, it would be necessary to show that the agreement was inserted as part of a general plan for the benefit of all purchasers, and not solely for the private and personal benefit of the company. *Jewell* v. *Lee*, 14 Allen 145, 150; *Badger* v. *Boardman*, 16 Gray 559; *Dana* v. *Wentworth*, 111 Mass. 291; *Seabury* v. *Metropolitan R. R.*, 115 Mass. 53; *Master* v. *Hansard*, L. R. Ch. Div. 718.

Nothing of the kind is shown here. On the contrary, the plaintiff proposed to show that the company does not impose the restriction upon all sales. How it is in respect to other lots on this street does not appear. It is obvious that the company has imposed it in some cases, and not in others; and it manifestly had no intention to deprive itself of the power of waiving or discharging it whenever it should deem it expedient. Hence there is nothing to distinguish this case from the ordinary one of a deed liable to become void upon a condition subsequent, to be taken advantage of, if it occur, only by the grantor and his heirs—in this case a double contingency. Such being the case it is no answer that this contingent incumbrance is one which cannot be discharged by the plaintiff at his will by the payment of money. It is so in dower, and in other cases of contingency. The counsel's argument was well answered in *Black* v. *Coan*, 48 Ind. 385. " The appellant claims that as he could not remove the claim of the land company as he could a mere lien for money, he ought to have substantial damages. But how shall they be estimated? As yet he has not been substantially injured because the land company, so far as appears, has in no way occupied or interfered with the premises. The railroad is not yet completed, and until it shall be the company will have no right to occupy the premises. The railroad may not be completed within the time limited, in which event the contract becomes a nullity, and the company will have no rights whatever in the premises. As the defendant may or may not be injured, there can be no criterion by which to estimate

substantial damages." Where the incumbrance is contingent, "there shall not be recovered even two pence damages till a breach, which possibly may never happen." 2 Sug. Vend. 293, *s.* 11; Morrison's Digest 50, *s.* 25, and *p.* 217, *ss.* 9, 10.

"It seems to be well settled that if the incumbrance is still contingent, and no injury has been sustained by the plaintiff, he can recover only nominal damages." *Willson* v. *Willson*, 25 N. H. 235.

CLARK, J.   Restrictions and limitations upon the use of real property, in the form of covenants, restrictions, and conditions, inserted in a deed for the advantage of the grantor or the benefit of the adjacent lands, when reasonable and for a lawful purpose, are upheld and enforced at law and in equity. *Reed* v. *Hatch*, 55 N. H. 327; *Coburn* v. *Coxeter*, 51 N. H. 158; *Hoyt* v. *Kimball*, 49 N. H. 322; *Burbank* v. *Pillsbury*, 48 N. H. 475; *Hunt* v. *Wright*, 47 N. H. 396; *Gillis* v. *Bailey*, 21 N. H. 149; *Herrick* v. *Marshall*, 66 Me. 435; *Gray* v. *Blanchard*, 8 Pick. 284; *Parker* v. *Nightingale*, 6 Allen 341; *Sanborn* v. *Rice*, 129 Mass. 387; *Trustees* v. *Lynch*, 70 N. Y. 440; *Cowell* v. *Springs Co.*, 100 U. S. 55. Although regarded as not repugnant to the grant, stipulations of this character, imposing a restriction, duty, easement, or burden upon the estate granted, enforceable at law or in equity, constitute an incumbrance whether operating by way of covenant or condition; and it is conceded in this case that the restrictions contained in the deed of the Amoskeag Company to Bartlett, as to the erection and use of buildings on the lot, create an incumbrance on the land, and constitute a breach of the covenants in the defendant's deed to the plaintiff; but it is contended that the plaintiff is entitled to recover only nominal damages.

In *Harlow* v. *Thomas*, 15 Pick. 66, 69, the rule of damages for breach of the covenant against incumbrances is stated as follows: "If the covenantee has extinguished the incumbrances, he ought to recover the expenses necessarily incurred in doing it. If they remain, and consist of mortgages, attachments, and such liens on the estate conveyed as do not interfere with the enjoyment of it by the covenantee, he can recover only nominal damages. But if they are of a permanent nature, such as the covenantee cannot remove, he should recover a just compensation for the real injury resulting from their continuance." The rule as here stated is sustained by the general current of authority. Raw. Cov. (4th ed.) 289, 290, 291, and notes and cases cited. The reason of the rule is apparent. If the covenantee has extinguished the incumbrance, he should recover what it cost him to do it. If he has not removed it, and the incumbrance does not impair the present use and enjoyment of the land, but depends upon a contingency that may never happen, it is a mere technical breach of the covenant, for which he should be allowed no more than nominal damages, because he may never suffer actual damage from it. But if the

incumbrance impairs the present use of the land, and is of such a character that the covenantee cannot remove it, he ought to recover damages for the actual impairment of the enjoyment of the estate, and the weight upon the land which diminishes its value. The former class of incumbrances embraces mortgages, rights of dower, attachments, and liens contingent in their nature, which do not interfere with the present actual enjoyment of the land by the covenantee. The latter class includes easements, servitudes, unexpired terms, and restrictions not depending on a contingency, permanent in their character, and constituting a present and continuing restriction upon the use and enjoyment of the premises.

The present case falls within the latter class. The condition in the deed of the Amoskeag Company imposes a restriction upon the use of the land in respect of the erection of buildings and the occupancy of the same until the year 1898. It is an incumbrance upon the land in the nature of a negative easement, which the plaintiff cannot remove as a matter of right. Its existence constitutes a breach of the defendant's covenant against incumbrances. It is not a mere technical incumbrance, which does not interfere with the present enjoyment of the land, like a right of dower, which may never have any operative force by reason of depending upon a contingency that may never occur. The weight of it is as oppressive now as it ever can be. It is a present and continuing impairment of the free enjoyment of the land, and a legal obstruction to the exercise of that dominion over it to which the plaintiff, as the lawful owner, is entitled. The restriction may not interfere with the use of the land for many purposes, but it is an absolute prohibition of its use for others, for which the plaintiff might otherwise lawfully use it. As the owner, he would have the right to use it for any lawful purpose ; but by reason of this incumbrance, its use in the prohibited mode would work a forfeiture of the entire title. The damages can be estimated as well now as at the end of twenty years. They may be inconsiderable, or merely nominal, and they may be substantial ; but it is for the jury to determine the amount of damages which the plaintiff ought to receive.

The evidence as to the plaintiff's intention in purchasing the premises was incompetent. In an action of covenant broken, the intention of the covenantee in making the purchase cannot ordinarily be shown for the purpose of increasing the damages, unless it entered into and formed a part of the consideration between the parties. Raw. Cov. 251, 291, note ; *Batchelder* v. *Sturgis*, 3 Cush. 201, 204. The evidence, offered to show the difference in the market value of the land occasioned by the incumbrance, was admissible. *Wetherbee* v. *Bennett*, 2 Allen 428.

*Case discharged.*

STANLEY, J., did not sit : the others concurred.