Rubel Brothers, Inc., and Albert H. Ackerman, Plaintiffs, v. Dumont Coal and Ice Company, Inc., Defendant.*

(Supreme Court, Kings Special Term, January, 1920.)

Covenants — restrictive — when will be enforced — contracts — what creates an equitable easement — mortgages — consideration — foreclosure — parties — injunctions — appeal.

A restrictive covenant made by a prior owner, if clearly established, will be enforced against subsequent grantees with notice, even though there be no privity of estate.

An agreement between adjoining land owners reciting a valuable consideration and duly recorded, which specifically provides that the land of the party of the first part shall not be used for certain purposes, creates an equitable easement on said lands and follows it into the hands of subsequent owners who take with notice of the covenant, either actual or constructive.

An agreement reciting a valuable consideration and duly recorded made between the owner of land contiguous to and adjoining certain mortgaged premises of a corporation specifically provided that the land of the party of the first part should not be used for certain purposes. Upon an assignment of said mortgage to the nominee of the plaintiffs herein, made just about the time when application for judgment in an action to foreclose the mortgage could be made, the nominee was substituted as plaintiff in the action and an order was entered striking out the names of the plaintiffs herein as defendants in the foreclosure action. The judgment of foreclosure and sale directed that the property be sold subject to the terms and restrictions of the agreement above mentioned, and the terms of sale so provided, and the court upon motion refused to modify the judgment. After the foreclosure, by mesne conveyances, the defendant became the owner of premises formerly owned by the mortgagor, but neither in the deed to it nor in the deed to its grantor was there any reference to the agreement containing the restrictive covenant although defendant's officers at all times had both actual and constructive notice of said covenant. *Held*, that defendant's estate in the property

* For decision on the merits see 111 Misc. Rep. 658.—[Repr.

was subject to the servitude imposed by the aforesaid agreement, and that though there was no privity of estate between any of the parties, to said agreement, the plaintiffs in an action to restrain defendant from violating the restrictive covenant, will be granted an injunction *pendente lite.*

In view, however, of the serious consequences to the defendant of an injunction, the operation thereof will be suspended pending an appeal promptly taken and speedily brought on for a hearing.

Motion for an injunction.

Samuel A. Telsey, for plaintiffs.

Myers & Kutner (Alfred G. Reeves, of counsel), for defendant.

Callaghan, J. The question on this motion relates to the force and effect of the restriction clause contained in an agreement made on the 16th day of September, 1916, between the Empire City Lumber Company and the plaintiff Albert H. Ackerman and the Rockview Coal and Ice Corporation. The restriction clause in that agreement is as follows:

" There shall not be erected, constructed, maintained or kept in and upon the said land of the party of the first part (The Empire City Lumber Company) hereto or on any portion thereof, any building, shed, structure or erection whatsoever for the purpose of conducting, maintaining or transacting any business for the purchasing, selling or distributing of coal or ice or either of said commodities, and that there shall not be stored or kept upon said lands or any part thereof any coal and ice or either of said commodities for the purpose of purchasing, selling or distributing or otherwise dealing in or with the same and that there shall not be conducted on or upon the said lands of the party of the first part or any portion thereof any coal business or any ice business either wholesale or retail."

The agreement recites a valuable consideration. After it had been executed, it was duly recorded.

The defendant is using the premises in question in violation of the covenant contained in that agreement. In 1917, the Rockview Coal and Ice Corporation conveyed the premises described in that agreement as belonging to it to this plaintiff.

At the time this agreement was made, the plaintiff Ackerman and the Rockview Coal and Ice Corporation owned land contiguous to and adjoining the premises owned by the Empire City Lumber Company. The agreement in question when made was subsequent to a mortgage for $10,000, then a lien upon the property of the Empire City Lumber Company. An action to foreclose that mortgage was begun by the mortgagee and these plaintiffs were made parties defendants in the foreclosure action. At about the time that action reached the stage where the plaintiff in that action was in a position to apply for judgment, these plaintiffs took an assignment of the mortgage to a person nominated by them and thereafter caused their nominee to be substituted as plaintiff in place of the former owner of the mortgage, and entered an order striking out the names of these plaintiffs as party defendants in that action. The judgment of foreclosure and sale directed that the property be sold subject to the terms and restriction contained in the agreement in question. Upon motion, the court refused to modify that judgment, and the terms of sale contained the provision that the purchaser would take the premises foreclosed subject to the restriction now in question.

By mesne conveyances made after the foreclosure sale, the defendant became the owner of the premises formerly owned by the Empire City Lumber Company. Neither the deed to it nor the deed to its grantor contained any reference to the restriction contained in

the agreement of September 16, 1916, although it is apparent that the officers of the defendant at all times had actual notice of the restriction imposed by that agreement and in addition had constructive notice by reason of its being recorded. There was no privity of estate between any of the parties to the agreement of September 16, 1916. This motion is for the purpose of restraining the defendants, pending the trial of this action, from carrying on the business of dealing in coal in violation of the restriction contained in the agreement of September 16, 1916.

The defendant resists this motion on the ground (1) that there was no privity of estate between the makers of the agreement in question and, therefore, that the covenant therein contained is personal and does not run with the land, and (2) that the covenant is in illegal restraint of trade. It is, indeed, not strange that counsel should take that position in view of the many decisions upholding that contention. As was said in *Mygatt* v. *Coe,* 142 N. Y. 78, 82, it was not unusual for judges to disagree upon these propositions " in view of the fact that the question brought to their judgment a judicial quarrel almost as venerable as the common law itself, and open yet to vigorous dispute." But, in the decisions of recent date, there has been a growing tendency, based upon equitable doctrines, to enforce, against subsequent grantees with notice, a restriction made by a prior owner, provided, of course, the agreement is clearly established, even though there does not exist privity of estate. Professor Reeves, in his well-considered work on real property, referring to contracts from which equitable easements arise, said (p. 188) : " The principle upon which rests the class of easements now under discussion, is that, where adjoining and neighboring lot owners are permanently bound in conscience and good

morals to abstain from employing their properties in certain ways, equity will compel any one or more of them at the suit of another to abstain from violating such obligations; and this without regard to any privity, either of contract or of estate between the litigating parties."

This proposition so clearly and forcibly stated by him finds authority in many cases recently decided by our Court of Appeals: *Lewis* v. *Gollner,* 129 N. Y. 227; *Uihlein* v. *Mathews,* 172 id. 154; *Mygatt* v. *Coe,* 142 id. 78; *Trustees of Columbia College* v. *Lynch,* 70 id. 440; *Hodge* v. *Sloan,* 107 id. 244; *Parker* v. *Nightingale,* 6 Allen, 341. Such agreements may be enforced even though made by parol. *Tallmadge* v. *East River Bank,* 26 N. Y. 105. The agreement sued upon here was based upon a consideration. It specifically provides that the property would not be used for the purpose of selling or distributing coal or ice, or either of said commodities, and that there would not be stored or kept upon said land or any part thereof any coal or ice, or either of said commodities, for the purpose of purchasing, selling or distributing the same. The plaintiffs are engaged in the business of buying, selling and distributing coal. The predecessor in title of Rubel Brothers was engaged in a similar business. At the time this covenant was made, the Empire City Lumber Company had a legal right to make any reasonable restriction with reference to its property. The defendant, as its successor, took title with notice of this restriction and, although the common law does not furnish a sufficient remedy, equity, with its broad general powers and for the purpose of requiring that which in good conscience should be done, may, by injunction, compel this defendant to do that which it is morally obligated to do, even though the covenant here sought to be impressed is not one which runs with the land. Such an agreement

creates an equitable easement and an equitable burden on the land which follow it into the hands of subsequent owners who take with notice, actual or constructive, of the covenant. The defendant has acquired in this property an estate subject to the servitude imposed by the agreement in question. The doctrine laid down in *Tulk* v. *Moxhay,* 2 Phill. 774, has been consistently followed by the courts of this state and has not, so far as I have been able to find, been overruled or distinguished.

It cannot be said that this covenant is void as being in restraint of trade. It simply restricts the use to which a small parcel of property may be put. Nothing contained in the original agreement limits the parties to that agreement from engaging generally in the business of dealers in coal. In order that such a restraint be illegal and void, it must be in general restraint as distinguished from a limited restraint such as is described in this agreement. It follows, therefore, that an injunction *pendente lite* should issue in order that the equitable rights of the parties to this action be preserved. I am aware that ordinarily injunctions of this character should not issue until the parties have had an opportunity to try the action. In this case the facts are not disputed. They are beyond dispute. Each of the parties has presented all that can be offered upon a trial of the action. Their rights may, therefore, be determined here quite as well as upon a trial. But, in view of the importance of the question presented and the serious consequences to the defendant of an injunction, the operation of the injunction may be suspended pending an appeal, provided the defendant speedily perfects the appeal and brings it on for a hearing at an early date.

Ordered accordingly.