QUEEN CITY PARK ASSOCIATION *v.* FRANCES F. C. GALE.

May Term, 1938.

Present: MOULTON, SHERBURNE, BUTTLES and STURTEVANT, JJ., and JEFFORDS, Supr. J.

Opinion filed November 1, 1938.

*Stickney, Sargent & Chase* for the plaintiff.

*J. Boone Wilson, Charles F. Black, Willsie E. Brisbin and J. A. McNamara* for the defendant.

BUTTLES, J. The plaintiff in this case is a Vermont corporation which formerly owned a tract of land in South Burlington known as Queen City Park. At some time prior to 1885 this tract or a portion thereof was divided into lots, and some of these lots from time to time were sold by the plaintiff to indi-

viduals. The propriety and regularity of such sales are not questioned. One such lot known as number 108 was sold and conveyed by the plaintiff to Elisha Allen, and another known as number 107 to A. E. Manum. Through mesne conveyances lot number 107 and five feet from the south side of lot number 108 were conveyed on August 2, 1909, to Nora Truax Gale. It is alleged by the plaintiff that thereafter all interest of Nora A. Gale—presumably meaning the same person previously referred to as Nora Truax Gale—in said lots was decreed by the probate court for the district of Chittenden to Cameron C. Gale, who later acquired title to an additional seven feet off the southerly side of lot number 108, making in all twelve feet, or one-half of said lot number 108 then owned by him. On September 18, 1929, the said probate court decreed said lot number 107 and portion of said lot number 108 to Frances F. C. Gale, the defendant herein.

The original conveyances from the plaintiff and the mesne deeds above referred to purported to be made upon certain conditions and restrictions therein recited. One ground of the demurrer hereinafter referred to is that the plaintiff, in its amended bill of complaint, sets out a deed in full containing these alleged conditions and restrictions, but that said deed purports to be executed by one P. S. Briggs who, so far as appears, was a stranger to defendants' title. The fact appears to be as stated in the demurrer but the original bill of complaint sets forth the alleged conditions and restrictions which were numbered eight and nine respectively together with the statement that the same were contained in the deed given by the plaintiff and in the later mesne deeds in defendant's chain of title. We are also given some information as to the setting of the original conveyances from the quotations from the constitution and by-laws of the plaintiff contained in the amended bill, and the statement that the various committees referred to therein were duly appointed each year and performed their duties.

The eighth and ninth of such alleged conditions and restrictions are set forth in said bill of complaint as follows:

"8th. That the grantee or any person holding under him, shall pay such yearly assessments as may be laid upon the granted premises by the Board of Directors, not exceeding five dollars or

less than one dollar per year, within thirty days after the same has been demanded by the Treasurer or Collector of the Association.

"9th. That upon the violation of any of the preceding conditions and restrictions, the grantee or person holding or using under him shall forfeit to the Association the sum of ten dollars and be subject to all damages accruing from such violation."·

Prior to and including the year 1933 annual assessments in accordance with article 8 were made and the same were paid upon the Gale lot and half lot by this defendant and her predecessors in title. An assessment was regularly made by the directors of the plaintiff corporation for the year beginning Aug. 23, 1934, in accordance with the constitution and by-laws of the corporation and, so far as appears, within the terms of the provision contained in said deeds. This assessment the defendant refused to pay and thereafter the plaintiff brought its bill of complaint in chancery praying that the court find the amount due from the defendant to the plaintiff by reason of her failure to pay said assessment, that she be ordered to pay such amount together with the costs taxed in this suit, and that in default of such payment being made within a time to be limited by the court all right, title and interest of the defendant in said lands be adjudged and decreed to be forfeited for violation of the conditions and restrictions upon which said lots were conveyed by the plaintiff, and that all right, title and interest of such defendant in said lots has reverted to and become that of the plaintiff. There was also a prayer for other and further relief.

To this complaint the defendant seasonably demurred. The case comes here on an appeal from the decree of the court of chancery sustaining such demurrer and dismissing the bill of complaint.

█ The plaintiff claims a forfeiture and seeks foreclosure of the defendant's interest in the land so held by her. The plaintiff is not entitled to this relief unless the language of the conveyances gives it the right to claim a forfeiture. It is therefore important to consider the nature of the title conveyed. That it was a fee of some kind is not to be doubted.

A determinable fee is a fee-simple estate to a person and his

heirs, with a qualification annexed to it by which it is provided that it must terminate whenever the qualification is at an end. *University of Vermont and State Agricultural College* v. *Ward,* 104 Vt. 239, 246, 158 Atl. 773. See Restatement of the Law of Property, Ch. 4, sec. 44, page 121. Since the plaintiff makes no claim that the title of the defendant is a determinable fee and it does not appear that the plaintiff's grant contained apt words for creating such a fee, we give that matter no further consideration.

The plaintiff's contention apparently is that defendant's estate is a fee upon condition subsequent, and since the words used in the conveyance "upon the following conditions and restrictions" might suggest such a fee, this claim requires consideration. In *University of Vermont and State Agric. College* v. *Ward, supra,* at page 247, 158 Atl. at page 776, this Court said: "A fee upon condition resembles a determinable fee in that it exhausts the whole estate, but may return to the grantor by breach of a condition subsequent to which it was granted, but it does not return until there has been an entry by the person having that right." "An estate in fee simple subject to a condition subsequent is created by any limitation which, in an otherwise effective conveyance of land (a) creates an estate in fee simple; and (b) provides that upon the occurrence of a stated event the conveyor or his successor in interest shall have the power to terminate the estate so created." Restatement of the Law of Property, Ch. 4, sec. 45, p. 133. Obviously the instrument here in question does not contain the provision required by clause (b) of the Restatement definition.

The use of the words "upon the following conditions and restrictions" in the instrument is not conclusive.

"While the words 'provided nevertheless' and 'upon the following conditions' are appropriate words to create a condition they do not of necessity create such an estate. They, and similar words, will give way when the intention of the grantor, as manifested by the whole deed, is otherwise, and they have frequently been explained and applied as expressing simply a covenant or a limitation in trust." *Woodruff* v. *Woodruff,* 44 N. J. Eq. 349, 16 Atl. 4, 6, 7, 1 L. R. A. 380; *City Mission* v. *Appleton,* 117 Mass. 326; *Sohier* v. *Trinity Church,* 109 Mass. 1, 19; *Stanley* v. *Colt,* 5 Wall. 119, 18 L. ed. 502. "The strongest

words of condition will not work a forfeiture of the estate unless they were so intended to operate. The absence of a clause for re-entry may signify that no condition was intended, when its presence may make such intent plain.'' *Bragdon* v. *Blaisdell,* 91 Me. 326, 39 Atl. 1036, 1037; *Post* v. *Weil,* 115 N. Y. 361, 22 N. E. 145, 5 L. R. A. 422, 12 A. S. R. 809; *Avery* v. *New York Cent. & H. R. R. R. Co.,* 106 N. Y. 142, 154, 12 N. E. 619; *Clement* v. *Burtis,* 121 N. Y. 708, 24 N. E. 1013; *Hoyt* v. *Kimball,* 49 N. H. 322; *City Mission* v. *Appleton, supra; Stanley* v. *Colt, supra.*

''It is perfectly well settled that an estate on condition cannot be created by deed except when the terms of the grant will admit of no other reasonable interpretation.'' *Ayer* v. *Emery,* 14 Allen (Mass.) 67, 70.

■ ''Conditions subsequent are not favored in law 'because on breach of such conditions there is a forfeiture and the law is adverse to forfeitures.' '' *Kilpatrick* v. *Mayor, etc., of Baltimore,* 81 Md. 179, 31 Atl. 805, 806, 27 L. R. A. 643, 48 A. S. R. 509, citing 4 Kent Comm. 130.

■ In the instrument under consideration there are no words reserving to the grantor a right to reenter or to declare a forfeiture upon breach of the so-called conditions and restrictions, nor is any intent manifested to cause the estate to be defeated by reason of any act or omission on the part of the grantee. On the contrary, a specific and very different penalty is provided for such breach, viz., the forfeiture of the sum of ten dollars and payment of damages accruing from such violation. We conclude that the estate conveyed is not a fee upon condition, that the plaintiff cannot claim a forfeiture and is not entitled to the foreclosure which it prays.

■ A covenant has been defined as an agreement between two or more persons, entered into by deed, whereby one of the parties promises the performance or nonperformance of certain acts, or that a given state of things does or shall, or does not or shall not exist. Baldwin's Century Edition of Bouvier's Law Dictionary. ''If it be doubtful whether a clause in a deed be a covenant or a condition the courts will incline against the latter construction; for a covenant is far preferable to the ten-

ant." 4 Kent Comm. 132. *Woodruff* v. *Woodruff, supra; Rawson* v. *School Dist.,* 7 Allen (Mass.) 125, 127, 128, 83 A. D. 670. We think the clause here in question must be construed as a covenant only. The consideration for which the stipulated sums were to be paid does not sufficiently appear to make it possible to determine the exact nature of the covenant. It may have been in the nature of ground rent or of deferred payments of portions of the purchase price, or it may have been in the nature of the burden of a servitude or easement, or it may have been that an arrangement was contemplated which would amount to mutual and reciprocal easements. From the facts that are before us, however, we conclude that we have a covenant which is sufficiently analogous to an equitable restrictive covenant so that the doctrine announced in *Tulk* v. *Moxhay,* 2 Phillips, 774, and in many later American cases is applicable here. In the Tulk case the Lord Chancellor said:

> "But the question is not whether the covenant runs with the land, but whether the party shall be permitted to use the land in a manner inconsistent with the contract entered into by his vendor and with notice of which he purchased. Of course the price would be affected by the covenant and nothing could be more inequitable than that the original purchaser should be able to sell the property the next day for a greater price, in consideration of the assignee being allowed to escape from the liability which he had himself undertaken. * * * * for if an equity is attached to the property by the owner, no one purchasing with notice of that equity can stand in a different situation from the party from whom he purchased."

"Restrictive agreements are enforceable in equity against all those who take the estate with notice of them, although they may not be, strictly speaking, real covenants so as to run with the land or of a nature to create a technical qualification of the title conveyed by the deed." 14 Am. Jur. 659, § 326. *Bauby* v. *Krasow,* 107 Conn. 109, 139 Atl. 508, 57 A. L. R. 331, 333; *Meade* v. *Dennistone,* 173 Md. 295, 196 Atl. 330, 114 A. L. R. 1227, 1233; *Newbold* v. *Peabody Hts. Co.,* 70 Md. 493, 17 Atl. 372, 374, 3 L. R. A. 579.

In *Whitney* v. *Union R. R. Co.*, 11 Gray (Mass.) 359, 364, 71 A. D. 715, the court said in the course of a discussion of the principle here involved: "A personal covenant or agreement will be held valid and binding in equity on a purchaser taking the estate with notice. It is not binding on him merely because he stands as an assignee of the party who made the agreement, but because he has taken the estate with notice of a valid agreement concerning it which he cannot equitably refuse to perform."

Professor Clark in his work on Covenants and Interests Running with the Land says on page 148: "The basis of the modern rules (relating to equitable restrictions) rests upon the equitable doctrine of notice, that he who takes land with notice of a restriction upon it will not in equity and good conscience be permitted to act in violation of the terms of these restrictions."

There is, in the case before us, no question but that the defendant took the property with notice of the covenants in question. Not only did she have constructive notice but it appears that for some years prior to 1934 she had recognized the obligation and paid the yearly assessments that were levied pursuant to such covenant. We hold that the eight and ninth provisions of the plaintiff's deed which are therein denominated "Conditions and restrictions" are valid covenants and are binding in equity as against this defendant, subject to any available defense.

*Decree reversed and cause remanded.*

### On Motion for Reargument.*

Buttles, J. On leave, duly obtained, counsel for the defendant have filed a motion for reargument in this case, pending which the entry of judgment has been withheld.

The defendant complains that we have overlooked those cases which seem to hold that an equitable restrictive covenant must be in regard to the use of property, and that we misconstrued and misapplied the doctrine of *Tulk* v. *Moxhay*, 2 Phillips, 774. We have, however, carefully considered the cases to which the defendant refers and it should be noted that we did not say that

---

* Opinion on motion for reargument filed Jan. 3, 1939.

the present case is on all fours with the Tulk case, but merely that the covenant before us is sufficiently analogous to an equitable restrictive covenant so that the doctrine announced in *Tulk* v. *Moxhay* and in many later American cases is applicable here. The principle of the Tulk case is thus stated therein: "If an equity is attached to the property by the owner no one purchasing with notice of that equity can stand in a different situation from the party from whom he purchased." In the quotation which we used from *Whitney* v. *Union R. R. Co.*, 11 Gray (Mass.) 359, 71 A. D. 715, the principle is even more broadly stated thus: "A personal covenant or agreement will be held valid and binding in equity on a purchaser taking the estate with notice. It is * * * * because he has taken the estate with notice of a valid agreement concerning it which he cannot equitably refuse to perform." We also quoted from Prof. Clark's Covenants and Interests Running with the Land the equitable doctrine of notice that "he who takes land with notice of a restriction upon it will not in equity and good conscience be permitted to act in violation of the terms of these restrictions." Obviously the emphasis is placed upon the violation of the principles of equity that would result from permitting the repudiation of a covenant or agreement affecting the land by a purchaser who takes the land with notice of that covenant or agreement, and presumably has had whatever advantage may accrue therefrom, either in the price paid or otherwise.

As we have before suggested, it does not appear in this case whether the payments which the grantees made and agreed to make were in the nature of ground rent, deferred payments of part of the purchase price, or the burden of a servitude or easement. Whatever their exact nature may have been it is apparent that these payments were intimately connected with the use and occupation of the land that was conveyed. Regardless of the fact that some of the cases have seemed to insist that a restrictive covenant, strictly so-called, could concern only the physical use or occupation of the land, we think that the covenant here in question is in the nature of a restrictive covenant to such an extent that the same equitable principle should apply to a purchaser taking with notice.

Since the doctrine involved is purely equitable in its nature the plaintiff's remedy is properly sought in a court of equity.

*Motion for reargument denied. Let full entry go down.*