### MAYS et al. v. LANGENBACK et al.

HEAD, Justice. 1. In *Langenback* v. *Mays,* 205 *Ga.* 706 (54 S. E. 2d, 401), this court reversed the judgment of the trial court, sustaining the general demurrers to the petition. It was there ruled that the verbal agreement alleged (that Mays would not compete with the petitioners in the tourist-cabin business in the immediate vicinity) was an independent and complete contract within itself, "collateral to, independent of, and distinct from the written contract." This ruling became the law of the case.

2. The defendants' motion for new trial was amended by adding one special ground. Error was assigned on the refusal of the court to rule out the testimony of certain witnesses pertaining to the verbal contract, on the ground that Langenback had written a letter submitting an offer for the property prior to any verbal negotiations, and that the subsequent negotiations were reduced to writing. This assignment of error is not meritorious. The evidence sufficiently establishes that no sale or contract of sale was made upon the offer contained in the letter, and that the verbal contract was made subsequently to the letter, as an inducement to procure a sale of the property. There was no error in refusing to rule out the testimony objected to for any reason assigned.

3. The judgment prohibiting the defendants from maintaining signs along the highway obscuring the business of the petitioners, and advertising their own tourist-cabin business, is not vague, indefinite, and incapable of enforcement, as contended. This relief was sought by the petition, and the motion in arrest of judgment was properly overruled.

4. It is conceded that the exceptions pendente lite to the overruling of certain special demurrers were not filed within the time required (Rules of Practice and Procedure, Ga. L. 1946, p. 726, 738, Code, Ann. Supp., § 6-905), unless this court will consider the premature exceptions in the former case as exceptions pendente lite. There was no request in the former case that the premature exceptions be ordered filed as exceptions pendente lite, and such a request, if now made, could not be granted.

5. There is no merit in the contention that, since Mrs. Mays never made any verbal agreement not to compete with the petitioners in the tourist-cabin business, she is not bound by the verdict and judgment rendered. It appears from the evidence that in all negotiations between the parties Mays acted for his wife, and that she approved and executed the written contract of sale between the parties. It is not contended that Mrs. Mays did not know of the oral contract made by Mays, but only that she did not herself make such a contract.

6. The verdict is not without evidence to support it, and the general grounds of the motion for new trial are without merit.

*Judgment affirmed. All the Justices concur.*

No. 17041. MAY 9, 1950.

*Q. L. Bryant* and *W. Wright Abbot*, for plaintiffs in error.
*M. C. Barwick*, contra.