LANGENBACK *et al. v.* MAYS *et al.*

CANDLER, Justice. On November 4, 1946, for a monetary consideration of $7500, Mr. and Mrs. J. T. Mays sold and conveyed to Mr. and Mrs. Charles Langenback a small tract of land in Jefferson County, Georgia,

on which several tourist cabins were located. At that time the grantors owned a larger tract of approximately 168 acres, which was adjacent to the tourist-camp property and, as a part of their trade and for a valuable consideration, they orally agreed with their purchasers not to use their remaining adjacent acreage for competitive tourist-camp purposes, so that the only tourist-camp business in the immediate vicinity would be the one purchased by them. Subsequently, and in violation of their contract of sale, Mr. and Mrs. Mays constructed and began operating a tourist camp on their adjacent land in active competition with the tourist-camp business of Mr. and Mrs. Langenback, and by a decree rendered in the Superior Court of Jefferson County on November 16, 1949, they were permanently restrained and enjoined from doing so. On February 4, 1950, Mr. and Mrs. Langenback filed an equitable suit against J. T. Mays, Mrs. J. T. Mays, and Mrs. Vivian (Lamar) Thigpen, and, in so far as it is material here, their petition alleged: On December 1, 1949, the defendants, Mr. and Mrs. Mays, moved their daughter, Mrs. Vivian Thigpen, into their home and executed and delivered to her an instrument purporting to be a lease of their tourist cabins. Mrs. Thigpen accepted the lease and immediately thereafter began operating a tourist-camp business on their land in competition with the petitioners' tourist camp just as her parents had previously done, and with actual knowledge of the effective existence of the injunction previously granted against them. It was further alleged that the lease to Mrs. Thigpen was a plan and scheme by the lessors and the lessee to circumvent and defeat the injunction theretofore rendered, and that the lessors had no legal right to lease their property to Mrs. Thigpen for a use which they themselves could not legally devote it to. A copy of the lease was attached to and made a part of the petition. The prayers were: (1) for process; (2) for a temporary and permanent injunction to prevent a further use of the Mays land for competitive tourist-camp purposes; and (3) for general relief. The defendants jointly demurred, generally and specially, to the petition and filed a joint answer, in which it was admitted that the defendant Mrs. Thigpen was operating the tourist camp which her parents (Mr. and Mrs. Mays) had previously operated and under a lease from them. On the hearing, Mrs. Thigpen testified that she had actual knowledge of the injunction against her parents before she leased the premises involved from them. Without specifically ruling on the demurrers, the trial judge held that Mr. and Mrs. Mays had a legal right to lease their tourist cabins to Mrs. Thigpen for competitive tourist-camp purposes and refused the temporary injunction prayed for. *Held*:

1. We have previously said on former appearances of this litigation that the defendants, Mr. and Mrs. Mays, have no legal right to use their property here involved for the purpose of competing with Mr. and Mrs. Langenback in a tourist-camp business on the property purchased from them; their agreement not to do so being a valid, binding, and enforceable restrictive covenant made by them respecting a prohibited use of their property which equity would enforce. *Langenback* v. *Mays*, 205 *Ga.* 706 (54 S. E. 2d, 401); *Mays* v. *Langenback*, 206 *Ga.* 859 (59 S. E. 2d, 376).

2. Equity will enforce a lawful restrictive agreement concerning land against a person who takes with notice of the contract. In such a case, the person violating the agreement, though not a party to it, is a privy in conscience with the maker. 31 Yale Law Jour. 127, 131; *Francisco v. Smith*, 143 N.Y. 488 (38 N.E. 980); *Rosen* v. *Wolff*, 152 *Ga.* 578 (110 S. E. 877).

3. It is well settled in this State that a party will not be permitted to use property in a manner inconsistent with a contract entered into by the owner under whom he claims, and with notice of which he took. Restrictive covenants of this sort, when legal, have been invariably enforced against such third parties. *Swanson* v. *Kirby*, 98 *Ga.* 586 (26 S. E. 71); *Hancock* v. *Gumm*, 151 *Ga.* 667 (107 S. E. 872); *Rosen* v. *Wolff*, supra. And applying the rule just announced in the instant case, it necessarily follows that Mrs. Thigpen, lessee of the covenantors, who took with notice of their restrictive agreement concerning a use of their premises, likewise had no right to use the property here involved for the purpose of competing with Mr. and Mrs. Langenback in their tourist-camp business; she occupied the position of her lessors.

4. For reasons stated above, the petitioners were entitled to injunctive relief. Accordingly, the trial judge erred in refusing to grant the temporary injunction prayed for.

*Judgment reversed. All the Justices concur.*

No. 17171. JULY 12, 1950.

*M. C. Barwick*, for plaintiffs.
*Q. L. Bryant* and *W. Wright Abbot*, for defendants.