**Jodie CROOK, Plaintiff and Appellant,**

v.

**Michael PAP, Defendant and Appellee.**

**No. 13190.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 15, 1981.

Decided April 1, 1981.

Rehearing Denied May 6, 1981.

Robert L. Jones, Sioux Falls, for plaintiff and appellant.

Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for defendant and appellee.

PER CURIAM.

Plaintiff appeals from the summary judgment entered in favor of defendant in plaintiff's personal injury action. We affirm.

The record on appeal contains only defendant's answer to plaintiff's complaint and defendant's answers to plaintiff's interrogatories. Although alluded to in the briefs, plaintiff's deposition was not made a part of the settled record.

From the sketchy record before us, it appears that plaintiff was injured when his west-bound motorcycle was struck by defendant's east-bound vehicle as plaintiff was attempting to make a left-hand turn from the inside lane of 41st Street in Sioux Falls. Defendant was traveling in the outside (curb) lane of travel when he first saw plaintiff's left-turning motorcycle in front of him. Defendant's view of plaintiff's motorcycle had been blocked by a pickup camper truck that was in the inside eastbound lane of 41st Street waiting to make a left turn at the intersection where the accident occurred.

Although it is true that summary judgment is generally not appropriate in negligence cases, *Wilson v. Great Northern Railway Co.*, 83 S.D. 207, 157 N.W.2d 19 (1968), on the basis of the record before us we cannot say that the trial court erred in entering summary judgment against plaintiff. The rulings of a trial court are presumptively correct, and the burden is on the party alleging error to show it affirmatively by the record. *Custer County Bd. of Ed. v. State Commission on Elementary and Secondary Ed.*, 86 S.D. 215, 193 N.W.2d 586 (1972). Error may not be presumed on appeal. *Estate of Assmus*, 254 N.W.2d 159 (S.D.1977).

The judgment appealed from is affirmed.

DUNN, J., deeming himself disqualified took no part in this decision.