**C.W. HYDE, Trustee of the Pauline Klabo Trust, Plaintiff and Appellee,**

v.

**Jonathan W.A. LIEBELT and Charlotte A. Liebelt, Defendants and Appellants.**

**No. 15125.**

Supreme Court of South Dakota.

Argued Sept. 16, 1986.

Decided on Rehearing Oct. 22, 1986.

---

Kent Hyde of Hyde Law Office, Aberdeen, for plaintiff and appellee.

Carlyle E. Richards, P.C., Aberdeen, for defendants and appellants.

HENDERSON, Justice. ·

## ACTION

This case, involving summary judgment, constitutes a rehearing on the opinion rendered in *Hyde v. Liebelt*, 391 N.W.2d 186 (S.D.1986). After the submission of written and oral arguments, we reverse the prior opinion and affirm the trial court's original grant of Summary Judgment.

## FACTS

Via Contract for Deed, Pauline Klabo (Klabo) purchased real estate situated in Brown County, South Dakota, from Jonathan and Charlotte Liebelt (Liebelts). Paragraph 9 of said Contract for Deed states:

Buyer, for herself, her successors in interest and assigns, agrees that no part of the above described premises shall ever be used for any of the following purposes:

(a) An area for the display or sales of mobile homes or trailer homes of any kind; or

(b) An area for the display, sales or servicing of any sort of recreational vehicles, whether of the two, three or four-wheel kind; or

(c) For the construction of a motel or motor inn.

The parties agree that these restrictions shall constitute covenants running with the land and that any conveyance signed by Sellers shall be subject to the within covenants.

Since the execution of this contract, Klabo died and by will left her equitable interest in the real estate in trust. C.W. Hyde (Hyde) is the trustee of this trust and the plaintiff-appellee herein.

Hyde and the owner of a motel on adjacent property executed a purchase agreement for the sale of the real estate. The motel owner, however, backed out of the purchase agreement when the above-quoted restriction was discovered.

In April 1985, Hyde filed a Complaint which sought a declaratory ruling as to whether the restrictive covenant ran with the land or was personal in nature, and, in the alternative, also sought a declaration of the uses the property could be put to without violating the covenant. The Liebelts,

defendants-appellants herein, answered Hyde's Complaint, denying the allegations therein and raising the affirmative defenses of estoppel, laches, and waiver. The Liebelts further alleged that Hyde's action was premature as he had not paid the balance owed under the Contract for Deed, and that his Complaint failed to allege any cause of action for which relief could be granted.

After Hyde filed a Certificate of Readiness for Trial, the Liebelts moved for summary judgment. In support of their motion, the Liebelts referred to the Complaint and Answer filed herein. No other supporting documents, i.e., admissions, affidavits, answers to interrogatories, or depositions, were filed. Hyde resisted the Liebelts' motion by filing an affidavit in resistance thereto. Thereafter, Hyde also moved for summary judgment and supported his motion with an affidavit.

The trial court, apparently after a hearing (the transcript of which is not contained in the settled record), granted summary judgment in favor of Hyde. In so doing, the trial court determined that the covenant in question was personal and did not run with the land because it benefitted the Liebelts' business.[1] The trial court also determined the covenant was not enforceable as an equitable servitude.

The Liebelts appealed the Summary Judgment to this Court, raising the propriety of the latter determination only. In our previous opinion, the trial court's equitable servitude determination was reversed. After the rendition of that opinion, Hyde petitioned this Court for a rehearing which was duly granted.

## DECISION

After reviewing our prior writings, the settled record, the Petition for Rehearing and the Liebelts' response thereto, and after presentation of oral arguments, we reverse the prior opinion of this Court and affirm the Summary Judgment on appeal.

Summary judgment is properly granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Aetna Life Ins. Co. v. McElvain*, 363 N.W.2d 186, 188 (S.D.1985). The question presented to the trial court below was a question of law. In summary judgment proceedings, the trial court's rulings are presumed to be correct, and the party alleging error has the burden to show it affirmatively by the record. *Crook v. Pap*, 303 N.W.2d 818, 819 (S.D.1981). We conclude, for two reasons, that the trial court properly granted summary judgment.

■ First, equitable enforcement of a restrictive covenant is properly granted when the restriction benefits the property of the person seeking enforcement and the person against whom enforcement is sought had notice of the restriction. 20 Am.Jur.2d *Covenants, Conditions, and Restrictions* § 293, at 857 (1965). *See also, Chappell v. Winslow*, 144 F.2d 160, 161 (4th Cir.1944); *McSweyn v. Inter-Urban R. Co.*, 256 Iowa 1140, 1146, 130 N.W.2d 445, 448 (1964); *Lovell v. Columbian Nat'l Life Ins. Co.*, 294 Mass. 473, ——, 2 N.E.2d 545, 547 (1936); *Toothaker v. Pleasant*, 315 Mo. 1239, 1245, 288 S.W. 38, 43 (1926); *Coughlin v. Barker*, 46 Mo.App. 54, 62–63 (1891); *Traficante v. Pope*, 115 N.H. 356, 360, 341 A.2d 782, 785 (1975); and 3 H. Tiffany, *The Law of Real Property* § 865, at 495 (3rd ed. 1939).

■ Here, the Liebelts moved for summary judgment, and although not raised in their pleading or asserted in their motion, the Liebelts apparently argued, alternatively, the enforcement of the covenant as an equitable servitude.[2] The Liebelts, however, failed to file admissions, affidavits, depositions, etc., in support of their motion and to meet their burden of proof that the restrictive covenant was appurtenant to and benefitted their land. Under *Lovell*, 2

---

1. For a covenant to run with the land, as pertinent to this case, the covenant must have been made for the direct benefit of existing property. SDCL 43–12–2(1). *See also* SDCL 43–12–1.

2. The settled record contains a letter from the Liebelts' attorney to the trial court, which mentions the equitable servitude arguments raised in the briefs presented to the court.

N.E.2d at 547, Liebelts failed to carry their burden of proof. In resolving whether the covenant ran with the land for enforcement purposes, the trial court determined the covenant did not benefit the Liebelts' property but instead benefitted their recreational vehicle and mobile home business and was thus personal in nature.[3] Having failed to establish that the covenant benefitted their property as opposed to conferring a personal benefit, by failing to present supporting documentation at a time when the law requires such, summary judgment could be entered against the Liebelts because they failed to establish the first element of equitable servitudes. Liebelts failed to meet their burden. *Crook,* 303 N.W.2d at 819.

Second, this case was brought before the trial court for a declaratory ruling under SDCL ch. 21–24 by Hyde. Per SDCL 21–24–3 and SDCL 21–24–4, the construction and validity of a contract can be determined, and the rights, status, and legal relations declared. But the Liebelts' case herein centers on the proposition that a court of equity will place an equitable servitude against property which would restrict its use by a subsequent grantee with notice. The settled record, however, does not reveal the existence of a subsequent grantee with or without notice, and we will not permit trial courts to wax into law on theoretical questions. *See Kneip v. Herseth,* 87 S.D. 642, 648, 214 N.W.2d 93, 96 (1974); *State of North Dakota v. Perkins County,* 69 S.D. 270, 274, 9 N.W.2d 500, 501 (1943); and *Security State Bank v. Breen,* 65 S.D. 640, 644, 277 N.W. 497, 499 (1938). Concerning the equitable servitude issue, the trial court resolved that the covenant did not benefit the Liebelts' property; rather, it was personal in nature. Under the pleading and showing below, we affirm the Summary Judgment.

The opinion rendered in *Hyde v. Liebelt,* 391 N.W.2d 186, is accordingly reversed.

MORGAN and FOSHEIM, JJ., concur.

SABERS, J., concurs in result.

WUEST, C.J., dissents.

WUEST, Chief Justice (dissenting).

I dissent.

The majority opinion omits the issue on appeal. The complaint seeking declaratory relief prayed:

[T]hat the Court enter judgment declaring that the restrictive covenants in the contract for deed are personal in nature and do not run with the land *or in any way affect a subsequent purchaser;* or, in the alternative, that the Court enter a judgment declaring the uses which a motel existing on adjacent property may make of the property in dispute without violating the restriction.... (emphasis added).

The majority omits and ignores the underscored portion of the prayer for declarative relief. The judgment entered by the trial court provided:

The restrictive covenants ... will not run with the land being purchased under the contract *or in any way affect a subsequent purchaser of the legal title* to such property.

Obviously, the judgment parroted the prayer for relief. Appellant's have not appealed from that portion of the judgment holding the covenants do not run with the land. They do appeal from that portion of the judgment which holds the covenants will not *"in any way affect a subsequent purchaser* [.]"

Where a restrictive covenant does not touch and concern the land, it has been said to be personal as between the parties and may not be enforced by or against anyone other than the original parties to the covenant. Since it was early recognized that such rigid limitations on the use of restrictive covenants could produce harsh results, courts of equity have long been enforcing personal restrictions where to do otherwise

---

**3.** As previously noted, the Liebelts have not appealed the determination that the covenant did not run with the land. Thus, it is not an issue in this appeal. Furthermore, Liebelts made this concession during oral argument.

produce inequitable results. Such enforcement of restrictive covenants has been termed the doctrine of *Tulk v. Moxhay*, 2 Phil.Ch. 774, 41 Eng.Rep. 1143 (Ch. 1848).

*Tulk v. Moxhay* established the rule that equity will enforce a covenant against all subsequent purchasers with notice, independently of the question of whether it runs with the land. The equitable restriction binds a subsequent purchaser who has acquired an interest with notice of the original promise.

> It is said that, the covenant being one which does not run with the land, this Court cannot enforce it; but the question is, not whether the covenant runs with the land, but whether a party shall be permitted to use the land in a manner inconsistent with the contract entered into by his vendor, and with notice of which he purchased. Of course, the price would be affected by the covenant, and nothing could be more inequitable than that the original purchaser should be able to sell the property the next day for a greater price, in consideration of the assignee being allowed to escape from liability which he had himself undertaken.

*Tulk v. Moxhay, supra.* The doctrine of *Tulk v. Moxhay* has been readily invoked to hold that one who purchases land knowingly, knowing it is subject to a restriction, will be bound by that restriction, even though it is personal and does not touch and concern the land. *Carneal v. Kendig,* 196 Va. 605, 85 S.E.2d 235 (1955); *Oliver v. Hewitt,* 191 Va. 163, 60 S.E.2d 1 (1950). It is clear that the burden of such restrictions may be enforced against purchasers with notice. 7 Thompson, On Real Property, 1962 Replacement, § 3165; 3 Tiffany, Real Property, § 861 (1939 & 1986 Supp.) The courts have been consistent in enforcing the burden of these restrictions against takers of the burdened land who have notice. *Oliver v. Hewitt, supra,* note 10; *Messett v. Cowell,* 194 Wash. 646, 79 P.2d 337 (1938); *Rubel Bros., Inc. v. Dumont Coal & Ice Co.,* 110 Misc. 32, 180 N.Y. Supp. 662 (S.Ct.1920); *Langenback v. Mays,* 207 Ga. 156, 60 S.E.2d 240 (1950);

*Raney v. Tompkins,* 197 Md. 98, 78 A.2d 183 (1951).

In *Hewitt, supra,* the court viewed the restriction as a personal covenant for the Vendor's sole benefit as distinguished from a covenant that runs with the land. The court stated that:

> This personal covenant is, however, binding between the original parties, both at law and in equity, specifically stated, it falls within that class of covenants which at law bind only the original parties as it does not run with the land; but, in equity, one is bound by such a personal restrictive covenant even though it does not run with the land if he takes title with knowledge of its existence, even though the deed to him did not recite the restriction.

Equity regards such an agreement as vesting in the promisee a right to specific enforcement not only as against the original promisor, but also against a subsequent holder of the property, if not a purchaser for value without notice. *Doo v. Packwood,* 265 Cal.App.2d 752, 71 Cal.Rptr. 477 (1968); *Jackson v. Richards,* 26 Del.Ch. 260, 27 A.2d 857 (1942); *Hecht v. Stephens,* 204 Kan. 559, 464 P.2d 258 (1970); *Coomes v. Aero Theatre & Shopping Center, Inc.,* 207 Md. 432, 114 A.2d 631 (1955); *Mid-State Equipment Co., Inc. v. Bell,* 217 Va. 133, 225 S.E.2d 877 (1976). If the right to equitable relief could not be asserted against a subsequent holder of the property, the result would be that the promisee could be deprived of such right, in practically every case, by a collusive transfer on the part of the promisor.

In equity, the question of whether such a covenant runs with the land is material on the question of notice only, since, if it runs with the land, the purchaser is bound regardless of his knowledge of it, while if it does not so run, he is bound only if he took the land with notice of the covenant. *Hercules Power Company v. Continental Can Co.,* 196 Va. 935, 86 S.E.2d 128, (1955); *Queen City Park Assoc. v. Gale,* 110 Vt. 110, 3 A.2d 529; *Carneal v. Kendig, su-*

*pra; See* 3 Tiffany, *supra,* § 858 (1939 & 1986 Supp.).

Although a promise may be unenforceable as a covenant at law it is clear that the promise may be enforced as an equitable servitude against the promisor or a subsequent taker who acquired the land with notice of restrictions on it. *Hudson Oil Co., Inc. v. Shortstop,* 111 Cal.App.3d 488, 168 Cal.Rptr. 801 (1980); *Sun Oil Company v. Trent Auto Wash, Inc.,* 379 Mich. 182, 150 N.W.2d 818 (1967); *Traficante v. Pope,* 115 N.H. 356, 341 A.2d 782 (1975). The equitable servitude, however, is not automatic; it depends upon the equities between the promisee and the subsequent taker with notice. The use of equity to enforce covenants restricting the use of property is not absolute and the right may be lost by laches, waiver, acquiescence or other equitable defenses. Equitable enforcement may be denied when there has been a change in conditions so radical in nature as to neutralize the benefits of the restrictions and destroy their purpose. Several factors to be considered, but not as limitations, are: the purpose for which the restrictions were imposed, the location of the restriction violations, the type of violations which have occurred, and the unexpired term of the restrictions. *McColm v. Stegman,* 3 Kan.App.2d 416, 596 P.2d 167 (1979).

A declaratory judgment action was not the proper vehicle to determine the rights of subsequent grantees of Hyde. They were not parties to this proceeding, since they did not exist. It may be in some future equitable proceeding a court would hold that Liebelts have an equitable servitude on property acquired by Hyde's subsequent grantee. On the other hand, the equities may have changed and the relief will be denied. As the Kansas Court said in *McColm:* "No hard and fast rule can be laid down as to when changed conditions have defeated the purpose of restrictions, and each must be decided on the equities of the situation presented." 596 P.2d at 170.

The trial court in this case was asked to rule on motions for summary judgment in a declaratory judgment action. We have said motions for summary judgment are not ordinarily suitable in equitable actions. *Wilson v. Great Northern Railway Co.,* 83 S.D. 207, 157 N.W.2d 19 (1968).

Although the trial court could determine the rights of Liebelts and Hyde, it could not rule on the rights of subsequent grantees. SDCL 21–24–7 provides:

When declaratory relief is sought all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

We should reverse that part of the judgment which holds, "or in any way affect a subsequent purchaser of the legal title to such property." Because it might.