In the Matter of the ESTATE OF
Vernon W. ARMSTRONG,
Deceased.

The SALVATION ARMY, Petitioner
and Appellant,

v.

FIRST BANK OF SOUTH DAKOTA, as
executor, Respondent and Appellee.

No. 15333.

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1986.

Decided Jan. 28, 1987.

Kevin Dornberger, Sioux Falls, for petitioner and appellant.

Howard W. Paulson of Christopherson, Bailin & Anderson, Sioux Falls, for respondent and appellee.

MILLER, Circuit Judge.

Appellant, Salvation Army, appeals from a final order of the trial court denying its motion for an order to show cause requiring First Bank of South Dakota (First Bank) to make an accounting of certain assets received by Vernon W. Armstrong from the estate of his father, A.V. Armstrong. We affirm.

A.V. Armstrong, who died in 1979, left a will which in pertinent part provided:

I direct my executor to convert the rest of my estate into dollars, and in these dollars, I give my son a life estate with the right to encroach upon the corpus of such life estate, if necessary for his support. I direct my son to identify the corpus of this life estate and to keep records in regard to same so that it may be identified if changed into other accounts or forms.

Upon the death of my son, the remainder of my estate is to go to the SIOUX FALLS BRANCH of the SALVATION ARMY.

The Final Decree in the A.V. Armstrong Estate specifically provided, among other things:

That this Court interprets decedent's meaning and intent as expressed in [the first of the above quoted paragraphs] to include authority for said Vernon W. Armstrong, as Executor or as life tenant, to convert into money the real estate or other property described herein, without necessity for Court proceedings, confirmation or participation of remainderman. This Court further finds that it was the intent of the testator ... that the life tenant, Vernon W. Armstrong be the judge of what encroachment is necessary for his support.

Further, this Court determines that it was the intent of the testator ... that a record be kept in regard to the property set over to said Vernon W. Armstrong, herein, so that it can be determined what, if any of it, remains at the time of death of said Vernon W. Armstrong even if converted to other property and changed in form.

Vernon W. Armstrong died in February, 1985. His will, which named First Bank as executor, provided in part:

I have inherited some real and personal property from my father, in which real and personal property I was bequeathed and devised a life estate with right to encroach upon the corpus property, if necessary, for my support, with remainder thereof to the Salvation Army for the benefit of the Sioux Falls branch thereof. By reciting this I do not intend to enlarge upon or detract from the interest the Salvation Army has in that property, but merely alert my personal representative to that charge thereon.

First Bank, in performing its duties as executor of the Vernon W. Armstrong Estate, was unable to account for the expenditure of approximately $70,000 of assets in which Vernon had a life estate and the Salvation Army was remainderman. It seems undisputed that First Bank made a diligent search for these assets; that it made all information regarding the search for the assets available to the Salvation Army, including Vernon Armstrong's tax returns; that it gave the Salvation Army power to check with both banks and transfer agents who issued or held assets; and that the Salvation Army was unable to locate any further assets after its additional searching.

On December 26, 1985, counsel for the Salvation Army made an affidavit and motion for order to show cause requesting that First Bank either account to it for all of the missing assets, or, in the alternative, that First Bank make available or transfer to the Salvation Army assets from the Vernon W. Armstrong Estate equivalent in value to the assets unaccounted for. First Bank submitted an answering affidavit signed by two officers of its trust department and another by a primary beneficiary under the will.

The motion was heard by the trial court on January 20, 1986. We have no transcript of that hearing but believe it fair to assume from examining the record that the affidavits were the sole evidentiary matters submitted. (Apparently oral arguments and briefs were presented and considered.)

On February 14, 1986, the trial court entered findings of fact, conclusions of law and an order dismissing appellant's motion. In adopting the findings of fact and conclusions of law, the trial court apparently generally accepted and approved those proposed by First Bank. The trial court adopted the position of First Bank that due to Vernon W. Armstrong's physical handicap, special equipment and facilities in his home and car were necessary and thus substantial sums of money were spent accordingly. In addition, the trial court determined that Vernon W. Armstrong had the right (1) to encroach upon the residue of the estate of his father, (2) to determine what encroachment was necessary for his support, and (3) to convert any of the residue of his father's estate to cash without any court proceeding or participation by the Salvation Army. The trial court further determined that Vernon W. Armstrong kept excellent records and that such recordkeeping met the requirements of his father's will and the final decree in his father's estate. Overall, the trial court found that Vernon W. Armstrong did not abuse his discretion in using for his support the assets of his father's estate that could not and cannot now be located; that no assets of the A.V. Armstrong Estate were transferred, changed or converted to Vernon Armstrong's personal assets; and that there was no waste, improvidence, fraud or bad faith on the part of this decedent in using the assets from his father's estate for his support.

In light of the scanty record presented to us, it is most difficult to determine whether we agree or disagree with the trial court's findings. Nonetheless, the trial court's decision is presumptively correct and it is not our duty to seek reasons to reverse.* Ap-

* In *Diamond Intern. Corp. v. Glad,* 330 N.W.2d 526 (S.D.1983) and *Johnson v. Johnson,* 291 N.W.2d 776 (S.D.1980), we held that this presumption of correctness does not exist when the appellate review is based entirely on a written record. We do not by this opinion depart from

pellant has the burden to affirmatively show by the record that error has been committed. *Pearson v. Pearson*, 312 N.W.2d 34 (S.D.1981); *Crook v. Pap*, 303 N.W.2d 818 (S.D.1981); *Cuka v. Jamesville Hutterian Mut. Soc.*, 294 N.W.2d 419 (S.D. 1980); *Lytle v. Morgan*, 270 N.W.2d 359 (S.D.1978); *Custer County Bd. of Ed. v. State Com'n on E. & S. Ed.*, 86 S.D. 215, 193 N.W.2d 586 (S.D.1972). We cannot presume error on appeal. *Crook, supra; Estate of Assmus*, 254 N.W.2d 159 (S.D. 1977). The appellate record must firmly establish the existence of error. *Crook, supra; Assmus, supra; Cooper v. Cooper*, 299 N.W.2d 798 (S.D.1980).

Affirmed.

All the Justices concur.

MILLER, Circuit Judge, for FOSHEIM, Retired J., disqualified. (Prior to his appointment as a Supreme Court Justice, Robert A. Miller was appointed in his capacity as a circuit court judge to serve in the place of Retired Justice Fosheim in this matter, and the record will reflect that he participated as a circuit court judge.)

nor erode our holdings in *Diamond* and *Johnson*. Rather, we distinguish these cases in light of the limited record in this case which does not allow meaningful review.