KLEIN, J.
Appellant purchased an undeveloped parcel of property located in a planned unit development called The Circle. There are other condo developments in The Circle and all of the unit owners are members of one homeowners’ association. After appellant constructed condo units on its property, this dispute arose as to whether an unrecorded agreement as to shared expenses of recreation facilities, executed by appellant’s predecessor in title, is binding on appellant. The trial court found that the agreement was binding because appellant had notice. We affirm.
Prior to appellant purchasing the undeveloped property, appellant’s predecessor in title had entered into the written agreement with the other condo associations in the PUD, providing that all owners of units, including those to be constructed on the undeveloped property, would share in the expenses of rebuilding recreational facilities which had been destroyed in a fire. This agreement was not recorded, but the trial court found that the appellant had notice of the agreement when it purchased the property, which appellant does not now contest.
Appellant makes a technical argument that the agreement is not a covenant running with the land because it does not contain the word “assigns,” because it was not contained in a deed, and because it was not recorded. The “black letter law” principles relied on by appellant regarding covenants are not on point because they do not apply where the subsequent owner has actual notice. Silver Blue Lake Apartments, Inc. v. Silver Blue Lake Home Owners Ass’n, 245 So.2d 609 (Fla.1971)(whether a restrictive agreement runs with the land is material only on the question of notice, because if it runs with the land it is binding regardless of notice, and if it does not run with the land, the owner is bound only if he took with notice). Vetzel v. Brown, 86 So.2d 138 (Fla.1956)(courts of equity will enforce land use restrictions against grantees taking title *1140 with notice without regard to the technicalities of the law relating to covenants running with the land).
Appellant’s argument that the assessments can be no more than those contained in an estoppel letter fails for the same reason, i.e., because appellant was on notice of the agreement providing for additional assessments at the time the property was purchased.
Affirmed.
SHAHOOD, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.