884 So.2d 1006 (2004)
A.R. HOLLAND, INC., Appellant,
v.
WENDCO CORPORATION, Lodgesouth, Inc., and Richard R. McAlpin, Appellees.
No. 1D03-5198.
District Court of Appeal of Florida, First District.
October 1, 2004.
Rehearing Denied November 3, 2004.
*1007 Thomas M. Brady, Pensacola, for Appellant.
Robert A. Emmanuel and H. Wesley Reeder, of Emmanuel, Sheppard & Condon, Pensacola, for Appellees.
PER CURIAM.
Appellant A.R. Holland, Inc. is a Burger King restaurant franchisee who built and operates a Burger King restaurant located on the north side of U.S. Highway 98 West near its intersection with Fairfield Drive in Escambia County, Florida. In 1989, Holland purchased the subject real property location from Seller, McAlpin Properties, Inc., a Florida corporation, pursuant to a written Purchase and Sales Agreement. Paragraph 15 of the Purchase and Sales Agreement contained the following covenant:
As a material inducement for the Purchaser to enter into this Agreement the Seller covenants that no property presently owned or hereafter acquired by the Seller within fifteen hundred (1,500) feet to the described property shall be sold or leased for use or occupancy for a business activity primarily used as a fast food restaurant whose primary menu item is hamburger or hamburger combinations similar to that being conducted by Purchaser. This covenant on the part of the seller shall survive the closing of this transaction and be for a period of twenty (20) years.
The parties to this appeal stipulated before trial that this covenant did not run with the land.
Later, the Seller, McAlpin Properties, Inc. merged into Appellee Lodgesouth, Inc., a Florida corporation. Lodgesouth, as successor of the Seller, became responsible for the covenant.[1] On February 23, 2000, Lodgesouth conveyed property to Wendco Corporation, a Wendy's restaurant franchisee. The property sold to Wendco is located approximately 655 feet from Holland's Burger King restaurant location on Highway 98.
*1008 After a bench trial, the trial court entered its final judgment, ruling that the appellees were not liable to Holland because Holland did not prove by a preponderance of the evidence that a breach of the covenant had occurred. In the proceeding below, it was Holland's burden to prove that (1) a contract existed, (2) the contract was breached, and (3) damages flowed from that breach. See Knowles v. C.I.T. Corp., 346 So.2d 1042, 1043 (Fla. 1st DCA 1977). Although we agree with Holland that there is not competent substantial evidence to support the trial court's finding that it failed to prove breach of the covenant, we affirm because Holland's claim for damages was speculative.[2]See Cedar Hills Props. Corp. v. E. Fed. Corp., 575 So.2d 673, 678 (Fla. 1st DCA 1991) (ruling that where the evidence indicates a number of reasons for losses, the claimant is required to show that the breach was a "substantial factor" in causing the damages); Kaklamanos v. Allstate Ins. Co., 796 So.2d 555, 560 (Fla. 1st DCA 2001) (ruling that damages sustaining an action for breach of contract must not be based upon speculation).
AFFIRMED.
DAVIS, LEWIS and POLSTON, JJ., CONCUR.
NOTES
[1] Lodgesouth argues on appeal that its merger with McAlpin Properties extinguished the personal covenant. While both parties introduced testimony about the covenant and merger, neither party introduced the actual merger agreement into evidence. In any case, Lodgesouth admitted that it was responsible for the covenant even after the merger by failing to deny Holland's allegation in the complaint that Lodgesouth became responsible for the covenant after its merger with McAlpin Properties. See Fla. R. Civ. P. 1.110(e).
[2] Holland's claim for damages was speculative because it failed to take into consideration any cause of lost profits other than the Wendy's opening on property Lodgesouth sold to Wendco. The record indicates that there were other factors that attributed to Holland's losses, including road construction, national marketing problems, and internal operating issues. Moreover, Wendco intended to place a Wendy's restaurant on other nearby unrestricted property even if this property sale had not occurred.