NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

AHF-BAY FUND, LLC,                              )
                                                )
      Appellant,                            )
                                                )
v.                                              )    Case No. 2D14-408
                                                )
CITY OF LARGO, FLORIDA,                         )
a municipal corporation,                        )
                                                )
      Appellee.                             )
_____ )

Opinion filed September 27, 2017.

Appeal from the Circuit Court for Pinellas
County; John A Schaefer, Judge.

Joseph H. Lang, Jr., and Christopher W.
Smart of Carlton Fields Jorden Burt, P.A.,
Tampa, for Appellant.

Elizabeth W. Neiberger of Bryant Miller
Olive P.A., Tallahassee, and Alan S.
Zimmet and Nicole C. Nate of Bryant
Miller Olive P.A., Tampa, for Appellee.


ON REMAND FROM THE FLORIDA SUPREME COURT

MORRIS, Judge.

      In City of Largo v. AHF-Bay Fund, LLC, 215 So. 3d 10 (Fla. 2017), the

Florida Supreme Court quashed, in part, our decision in AHF-Bay Fund v. City of Largo,

169 So. 3d 133 (Fla. 2d DCA 2015). Accordingly, the mandate of this court issued in

this case on July 31, 2015, is withdrawn; the opinion and judgment of this court filed on April 22, 2015, is withdrawn and vacated insofar as it is in conflict with or fails to conform to the views expressed in the opinion and judgment of the Florida Supreme Court; and the opinion and judgment of the Florida Supreme Court are adopted and made part of the opinion and judgment of this court. We adhere to our prior judgment and opinion except as it is withdrawn and vacated. On remand, we now solely consider the third issue raised by AHF-Bay Fund (AHF) in the prior appeal, which we previously declined to address due to our decision on another issue.

### I. Background

For purposes of this appeal on remand,[1] only a brief recitation of the underlying facts is necessary. This case involves the City of Largo's claims for breach of contract and enforcement of a covenant at law. The action was based on a PILOT agreement entered into by AHF's predecessor in interest, RHF Brittany Bay, LLC (RHF), and the City. A PILOT agreement is an agreement which requires an entity that is otherwise exempt from ad valorem taxation to make "payments in lieu of taxes" to a local government. In this case, RHF entered into the PILOT agreement with the City in return for the City's assistance in obtaining financing so that RHF could develop the subject property to provide affordable housing for persons with low to moderate income.

The PILOT agreement did not indicate that it was a covenant running with the land, but it did specify that it was binding on any subsequent owners of the subject property as long as certain conditions were met. The PILOT agreement was not recorded in the official public records. However, there is no dispute that simultaneously

---

[1]A full recitation of the facts can be read in our prior opinion. AHF-Bay Fund, 169 So. 3d 133.

with the execution of the PILOT agreement, the parties executed a memorandum of agreement that was properly recorded in the official public records. The memorandum indicated that the PILOT agreement was available for inspection in the City clerk's office and that it imposed certain covenants running with the land. Attached to the memorandum was a copy of the property's legal description.

AHF acquired the property in November 2005 but failed to make the annual payments required by the PILOT agreement beginning in 2006, denying knowledge of either the PILOT agreement or the memorandum of agreement. AHF asserted that the documents were not shown to be exceptions to coverage in its title insurance policy and that the documents were not referenced in the special warranty deed by which AHF took title.

The City ultimately filed suit based on AHF's refusal to make the required payments. The trial court granted the City's motion for summary judgment in part and entered a final judgment in favor of the City. The City was awarded $685,158.23 in damages and prejudgment interest.

In the prior appeal, AHF argued that the trial court erred for three reasons: (1) the PILOT agreement was not a covenant running with the land; (2) the PILOT agreement was contrary to Florida law as well as Florida's public policy; and (3) AHF could not be held liable for the payments under the PILOT agreement because it was neither a party nor a beneficiary under the PILOT agreement. We summarily rejected the first argument. AHF-Bay Fund, LLC, 169 So. 3d at 134. However, we agreed with AHF on the second issue, concluding that the PILOT agreement not only violated public policy but also violated section 196.1978, Florida Statutes (2000), and article VII, § 9(a)

-3-

of the Florida Constitution.  We also certified a question to the Florida Supreme Court based on our resolution of the second issue.  Finally, because we concluded that the resolution of the second issue was dispositive, we declined to address AHF's third issue.

The City of Largo sought review in the Florida Supreme Court, and the court answered the certified question in the negative and quashed our prior opinion based only on our resolution of the second issue.  AHF-Bay Fund, LLC, 215 So. 3d at 17-18.  The Florida Supreme Court did not address the first issue as it was beyond the scope of the certified question.  Id.  Thus that portion of our prior opinion and judgment remains valid.  We are now asked to determine the merits of AHF's third argument that it should not be held liable under the PILOT agreement.

**II. Analysis of the case on remand.**

AHF argues that it cannot be sued for breach of the PILOT agreement because it was not a party to or a third-party beneficiary of the contract and because it did not assume or agree to the terms of the contract.[2]  AHF raises this issue as distinct and separate from the issue of whether the PILOT agreement was a covenant running with the land.  But as we explain, AHF was bound by the PILOT agreement regardless of whether the agreement was a covenant running with the land.

A breach of contract action may be based on a party's breach of a covenant.  Cf. A.R. Holland, Inc. v. Wendco Corp., 884 So. 2d 1006, 1007-08 (Fla. 1st

_____

[2]As an alternative reason for why it could not be held personally liable for breach of contract, AHF argued that governments are limited to imposing a tax lien against a party that fails to pay ad valorem taxes.  However, due to the Florida Supreme Court's conclusion that the payments due under the PILOT agreement are not taxes, AHF-Bay Fund, LLC, 215 So. 3d at 17, we find no merit to this argument and do not address it further.

-4-

DCA 2004) (involving breach of contract action based on breach of a restrictive covenant). And here, the memorandum of agreement was filed in the public records, specifically referenced the PILOT agreement, and noted that the PILOT agreement imposed covenants running with the land. Consequently, AHF was—at the very least—on constructive notice of the PILOT agreement when it purchased the property. Having been properly filed in the public records, the memorandum of agreement with the attached legal description of the property provided subsequent purchasers with facts that, had they been investigated, would have led a prudent man to discover the existence and contents of the PILOT agreement. See Sapp v. Warner, 141 So. 124, 127-28 (Fla. 1932); see also Regions Bank v. Deluca, 97 So. 3d 879, 883 (Fla. 2d DCA 2012) ("Constructive notice is a legal inference, and it is imputed to . . . subsequent purchasers by virtue of any document filed in . . . the official records." (quoting Dunn v. Stack, 418 So. 2d 345, 349 (Fla. 1st DCA 1982))). AHF is therefore bound by the provisions of the PILOT agreement. Cf. Silver Blue Lake Apartments, Inc. v. Silver Blue Lake Home Owners Ass'n, 245 So. 2d 609, 611 (Fla. 1971) (recognizing that parties are bound by restrictive agreements where they take property with notice of the contract because "[i]n such a case, the person violating the agreement, though not a party to it, is a privy in conscience with the maker" (quoting Langenback v. Mays, 60 S.E.2d 240, 241 (Ga. 1950))); Vetzel v. Brown, 86 So. 2d 138, 140-41 (Fla. 1956) (affirming dismissal of appellants' complaint where they had constructive notice of recorded restrictive covenants and implied actual notice because of a statement in their deed that the title was subject to easements and restrictions of record); A & P Inv. Grp. v. Circle Prop. Owners Ass'n, 741 So. 2d 1139, 1139 (Fla. 4th DCA 1998) (affirming trial court's

-5-

finding that an unrecorded agreement as to shared expenses of recreation facilities executed by the appellant's predecessor in title was binding on the appellant because the appellant had notice of the agreement when it purchased the property).

The fact that AHF's title insurance company failed to locate the memorandum of agreement and, as a result, the PILOT agreement itself during the title search is unfortunate, but it does not relieve AHF from its obligation under the PILOT agreement. AHF's remedy lies with the title insurance company.[3] Similarly, while AHF's special warranty deed may not have referenced the PILOT agreement, any dispute over that issue is between AHF and RHF. It does not relieve AHF from its obligation to make the required payments to the City.

Moreover, we note that even if AHF had not been provided with constructive notice of the PILOT agreement, our conclusion regarding the binding nature of the PILOT agreement would remain the same because we previously rejected AHF's argument that the PILOT agreement was not a covenant running with the land. See Silver Blue Lake Apartments, Inc., 245 So. 2d at 611 (recognizing that a restrictive agreement that runs with the land is binding on a subsequent purchaser "regardless of notice").

Affirmed.

SILBERMAN and BLACK, JJ., Concur.

---

[3]Our record includes correspondence from a title insurance company to AHF indicating that the title insurance company had agreed to make a payment to AHF based on the City's claim for payment, though not in the amount for which AHF was ultimately held liable to the City. A copy of a check from the title insurance company to AHF is also included in our record.